UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE FARSAKIAN,

    Plaintiff,                                              Civil Action No. 20-MC-51567

vs.                                                    HON. BERNARD A. FRIEDMAN

PHOENIX SANDS SURGICAL
ASSOCIATES PLLC, et al.,

    Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S REQUESTS TO SEIZE DEFENDANTS' PROPERTY</u>**

Plaintiff has filed two requests to "execute against" or "seize" the property of defendants Quantum Business Solutions, LLC; Quantum Ventures, LLC; and Quantum Ventures Holdings, LLC ("requests to seize") [docket entries 4 and 6]. The requests seek to satisfy the default judgment and judgment for costs in the underlying case, which was heard in the District of Arizona. Both judgments are certified and registered with this Court [docket entries 1 and 5]. The two requests to seize defendants' property are accompanied by two proposed writs of execution, which state:

> To any sheriff, deputy sheriff, or deputy U.S. Marshal: In the name of the people of the United States of America, you are hereby commanded:
>
> 1. Seize the property described in the attached judgment for claim and delivery and deliver to the plaintiff(s), or if the property is not found in the possession of the defendant(s), levy the value of it.
>
> 2. Seize and sell, according to law, so much from the personal property of defendant(s) . . . not exempt from execution, as will be sufficient to satisfy plaintiff's demand and costs.
>
> 3. If sufficient personal property of defendant(s) cannot be found within your jurisdiction, seize and sell so much of the real property

>of defendant(s) not exempt from execution, as will be sufficient to satisfy plaintiff's demand and costs.

Docket entry 4, PageID.9; Docket entry 6, PageID.13.  However, no judgment is attached to either writ.  Even if the default judgment or judgment for costs were attached to the respective writ, neither judgment specifies what property is to be seized.

Further, when real property is at stake, the Sixth Circuit requires that a judgment debtor be afforded notice and the opportunity to be heard.  *See Revis v. Meldrum*, 489 F.3d 273, 284 (6th Cir. 2007). The underlying proceedings do not constitute sufficient notice, as they establish "nothing beyond [defendant's] financial obligation to [plaintiff]." *Id*. at 281.  Accordingly,

IT IS ORDERED that plaintiff's requests to seize defendants' property are denied.

IT IS FURTHER ORDERED that if plaintiff seeks to re-file the requests, she must specify what property is to be seized and provide defendants notice of the filings.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 9, 2021
Detroit, Michigan

2