UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE FARSAKIAN,

    Plaintiff,

vs.                                                  Case No. 20-51567
                                                  Hon. Bernard A. Friedman

PHONEIX SANDS SURGICAL ASSOCIATES, PPLC, and,
RENEW MEDICAL MANAGEMENT, LLC, and
QUANTUM VENTUES HOLDINGS, LLC, and,
QUANTUM VENTURES, LLC, and,
QUANTUM BUSINESS SOLUTIONS, LLC, and
DAVID KENT,

    Defendants.
_____

**PLAINTIFF/JUDGMENT-CREDITOR'S MOTION FOR PROCEEDINGS SUPPLEMENTAL TO JUDGMENT**

    1.      On October 29, 2020, the United States District Court for the District of Arizona entered a Judgment in favor of Plaintiff, Aimee Farsakian, in the amount of $261,126.03 against Defendants, Phoenix Sands Surgical Associates, PLLC, Renew Medical Management, LLC, Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC, jointly and severally. The Court also entered a Judgment in favor of Plaintiff, Aimee Farsakian, in the amount of $250,000, against all Defendants, jointly and severally,

as well as attorney fees in the amount of $23,929.50 and costs in the amount of $12.00, against all Defendants, jointly and severally.

2. On December 28th, 2020, the United States District Court for the District of Arizona entered a Judgment on Taxation of Costs against all defendants in the amount of $979.30.

3. None of the defendants (judgment-debtors) have taken any voluntary action to satisfy any portion of the Judgments.

4. Plaintiff has learned that Defendants Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC, are doing business within the State of Michigan, and on information and belief, maintain assets and funds within the State of Michigan.

5. Plaintiff has performed the necessary steps to register the Judgments entered by the United States District Court for the District of Arizona within the United States District Court for the Eastern District of Michigan.

6. Federal Rule of Civil Procedure 69 makes Michigan's statutes and rules regarding available post-judgment collection relief applicable to the present matter.

7. Michigan Compiled Laws 600.6104 permits the Court to issue an Order that prevents the transfer, disposition, or alienation of all of a judgment-debtors' non-exempt assets until further Order of the Court.

8. Michigan Compiled Laws 600.6104 also permits the Court to order discovery of a judgment-debtor's assets through a creditor's examination or otherwise.

9. Michigan Compiled Laws 600.2920, 600.6002 also permit the Court to order the seizure of defendants' non-exempt property to satisfy the outstanding Judgment.

10. On information and belief, Plaintiff states that Defendants, Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC hold certain property within the State of Michigan, including personalty consisting of office equipment, furniture, electronics, supplies, currency, and other assets which may yet be discovered.

11. In light of Judgment-Debtors' refusal to voluntarily pay any amount toward the Judgment, Plaintiff is justly fearful that Judgment-Debtors have taken and/or will take action to place their assets outside of the reach of Plaintiff or to otherwise confound Plaintiff's post-judgment collection efforts.

WHEREFORE, Plaintiff, Aimee Farsakian, requests that the Court enter an Order that, pursuant to Fed. R. Civ. P. 69 and (by extension) MCL 600.6104, does the following: (A) Prevents the transfer, disposition, or alienation of Defendants' Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC non-exempt assets until further Order of the

Court; and, (B) further orders the U.S. Marshall to seize according to law, any of the nonexempt property of Defendants, Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC, as will be sufficient to satisfy the plaintiff's Judgment, costs, and any statutory fees and expenses

    /s/AnthonyWayneKahn
Anthony Wayne Kahn (P41258)
Law Office of Anthony Wayne Kahn
33110 Grand River Ave.
Farmington, MI 48336
(248) 442-23222
anthonywaynekahnlaw@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE FARSAKIAN,

    Plaintiff,

vs.                                                    Case No. 20-51567
                                                    Hon. Bernard A. Friedman

PHONEIX SANDS SURGICAL ASSOCIATES, PPLC, and,
RENEW MEDICAL MANAGEMENT, LLC, and
QUANTUM VENTUES HOLDINGS, LLC, and,
QUANTUM VENTURES, LLC, and,
QUANTUM BUSINESS SOLUTIONS, LLC, and
DAVID KENT,

    Defendants.
_____

**BRIEF IN SUPPORT OF MOTION**

# TABLE OF CONTENTS

| | |
|---|---|
| INDEX OF AUTHORITIES | 1 |
| QUESTION PRESENTED | 2 |
| FACTS RELEVANT TO PRESENT MOTION | 3 |
| ARGUMENT | 4 |
| CONCLUSION | 5 |

# INDEX OF AUTHORITIES

<u>STATUTES</u>

MCL 600.6104                                                                                          5

MCL 600.2920                                                                                          5

MCL 600.6002                                                                                          5

<u>RULES OF CIVIL PROCEDURE</u>

Fed. R. Civ. P. 69                                                                                    5

## QUESTION PRESENTED

1. **SHOULD THE COURT ISSUE AN ORDER PREVENTING DEFENDANTS QUANTUM VENTURES HOLDINGS, LLC, QUANTUM VENTURES, LLC, AND QUANTUM BUSINESS SOLUTIONS, LLC, FROM TRANSFERING, DISPOSIONG OF, OR ALIENATING ASSETS UNTIL FURTHER ORDER OF THE COURT, AND FURTHER ORDERING THE U.S. MARSHALL TO EXECUTE UPON THE PROPERTY OF DEFENDANTS?**

    Plaintiff/Judgment-Creditor says, "yes."

## FACTS RELEVANT TO PRESENT MOTION

On October 29, 2020, the United States District Court for the District of Arizona entered a Judgment in favor of Plaintiff, Aimee Farsakian, and against Defendants Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC (hereinafter "Quantum Defendants"), in the total amount of $535,067.53. On December 28th, 2020, the United States District Court for the District of Arizona entered a Judgment on Taxation of Costs in favor of Plaintiff, Aimee Farsakian, and against all Defendants, in the amount of $979.30. Defendants have taken no voluntary action to satisfy any portion of the Judgment. Plaintiff has taken steps to register these Judgments within the United States District Court for the Eastern District of Michigan.

In light of these facts and in anticipation of collection activities, Plaintiff, Aimee Farsakian, has conducted research into Defendants' whereabouts and assets. Plaintiff stands concerned that Defendants have taken and/or will take action to try to place their assets outside of Plaintiff's reach, or otherwise try to confound Plaintiff's collection efforts.

# ARGUMENT

Federal Rule of Civil Procedure 69(a)(1) makes Michigan's post-judgment collection statutes and rules applicable to the present case. Rule 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. **The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located**, but a federal statute governs the extent it applies. (Emphasis added).

Michigan Compiled Laws 600.6104 is Michigan's primary statute governing post-judgment collection activity. It offers comprehensive aid to judgment-creditors and provides for the following points of relief:

A. An Order preventing Defendant from transferring, disposing, or otherwise alienating any of his non-exempt assets.

B. An Order that compels Defendant to testify under oath about his assets.

C. An Order that applies all non-exempt assets to satisfaction of the judgment.

D. An Order that appoints a receiver over all of Defendant's present or future acquired non-exempt assets.

E. An Order that affords any other type of relief that is consistent with the goals of the statute.

Here, as noted, Judgment-Debtors have taken no action to voluntarily satisfy any portion of the Judgment. Plaintiff is justly fearful that Judgment-Debtors have taken and/or will take action to place their assets outside of the reach of Plaintiff or to otherwise confound Plaintiff's collection efforts.

## CONCLUSION

Based on the above, the Court should grant the present Motion under Fed. R. Civ. P. 69 and (by extension) MCL 600.6104.

/s/AnthonyWayneKahn
Anthony Wayne Kahn (P41258)
Law Office of Anthony Wayne Kahn
33110 Grand River Ave.
Farmington, MI 48336
(248) 442-23222
anthonywaynekahnlaw@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE FARSAKIAN,

    Plaintiff,

vs.	Case No. 20-51567
    Hon. Bernard A. Friedman

PHONEIX SANDS SURGICAL ASSOCIATES, PPLC, and,
RENEW MEDICAL MANAGEMENT, LLC, and
QUANTUM VENTUES HOLDINGS, LLC, and,
QUANTUM VENTURES, LLC, and,
QUANTUM BUSINESS SOLUTIONS, LLC, and
DAVID KENT,

    Defendants.
_____

**NOTICE OF HEARING OF PLAINTIFF/JUDGMENT-CREDITOR'S MOTION FOR PROCEEDINGS SUPPLEMENTAL TO JUDGMENT**

    The Court will hear the above-identified Motion at a date and at a time to be scheduled by the Court.

    /s/AnthonyWayneKahn
    Anthony Wayne Kahn (P41258)
    Law Office of Anthony Wayne Kahn
    33110 Grand River Ave.
    Farmington, MI 48336
    (248) 442-23222
    anthonywaynekahnlaw@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE FARSAKIAN,

    Plaintiff,

vs.                                                         Case No. 20-51567
                                                                Hon. Bernard A. Friedman

PHONEIX SANDS SURGICAL ASSOCIATES, PPLC, and,
RENEW MEDICAL MANAGEMENT, LLC, and
QUANTUM VENTUES HOLDINGS, LLC, and,
QUANTUM VENTURES, LLC, and,
QUANTUM BUSINESS SOLUTIONS, LLC, and
DAVID KENT,

    Defendants.
_____

**PROOF OF SERVICE OF
PLAINTIFF'JUDGMENT-CREDITOR'S MOTION FOR PROCEEDINGS
SUPPLEMENTAL TO JUDGMENT, BRIEF IN SUPPORT, AND NOTICE
OF HEARING**

The undersigned certifies that he served a copy of the above-identified documents on counsel of record via the Court's electronic filing systems on March 25, 2021.

                                                       /s/AnthonyWayneKahn
                                                       Anthony Wayne Kahn (P41258)
                                                       Law Office of Anthony Wayne Kahn
                                                       33110 Grand River Ave.
                                                       Farmington, MI 48336
                                                       (248) 442-23222
                                                       anthonywaynekahnlaw@gmail.com