UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE FARSAKIAN,

    Plaintiff,                                         Civil Action No. 20-MC-51567

vs.                                                  HON. BERNARD A. FRIEDMAN

PHOENIX SANDS SURGICAL
ASSOCIATES PLLC, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE JUDGMENT

This matter is presently before the Court on plaintiff's "motion for proceedings supplemental to judgment" [docket entry 10].  Plaintiff seeks to seize the property of defendants Quantum Business Solutions, LLC; Quantum Ventures, LLC; and Quantum Ventures Holdings, LLC in order to satisfy the judgments in the underlying case.  The underlying case was heard in the District of Arizona and the judgments have been certified and registered with this Court.  *See* docket entries 1 and 5.

In the instant motion plaintiff requests

> that the Court enter an Order that, pursuant to Fed. R. Civ. P. 69 and (by extension) MCL 600.6104, does the following: (A) Prevents the transfer, disposition, or alienation of Defendants' Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC non-exempt assets until further Order of the Court; and, (B) further orders the U.S. Marshal[] to seize according to law, any of the nonexempt property of Defendants, Quantum Ventures Holdings, LLC, Quantum Ventures, LLC, and Quantum Business Solutions, LLC, as will be sufficient to satisfy the plaintiff's Judgment, costs, and any statutory fees and expenses.

Pl.'s Mot. at PageID.22-23.  Plaintiff adds that "[i]n light of Judgment-Debtors' refusal to voluntarily pay any amount toward the Judgment, Plaintiff is justly fearful that Judgment-Debtors have taken and/or will take action to place their assets outside of the reach of Plaintiff or to otherwise confound Plaintiff's

post-judgment collection efforts." *Id*. at PageID.22.

Fed. R. Civ. P. 69 states that "[a] money judgment is enforced by a writ of execution" and that the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." As to Michigan state procedure, MICH. COMP. LAWS § 600.6104 states the following:

> After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
>
> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.
>
> The court may permit the proceedings under this chapter to be taken although execution may not issue and other proceedings may not be taken for the enforcement of the judgment. It is not necessary that execution be returned unsatisfied before proceedings under this chapter are commenced.

Plaintiff has previously filed three requests that the Court issue writs of execution in this matter. *See* docket entries 4, 6, and 8. The Court denied each of plaintiff's prior requests for failure to specify the property to be seized and failure to provide defendants with notice that she was seeking such

2

a writ. Plaintiff's instant request that the Court order the U.S. Marshal to seize defendants' property fails to resolve either issue. Consequently, the Court shall deny this aspect of plaintiff's motion.

However, given defendants' refusal to voluntarily satisfy the outstanding judgments, the Court finds plaintiff's concerns regarding her ability to collect to be reasonable. The Court shall thus grant her request that the Court prevent the "transfer, disposition, or alienation of Defendants' . . . non-exempt assets until further Order of the Court." Accordingly,

IT IS ORDERED that plaintiff's motion to enforce judgment is granted in part and denied in part as follows: Defendants Quantum Business Solutions, LLC; Quantum Ventures, LLC; and Quantum Ventures Holdings, LLC are hereby prohibited from transferring, dispossessing, or alienating their non-exempt assets until further order of the Court. Plaintiff's request that the Court order the U.S. Marshal to seize defendants' property is denied.

IT IS FURTHER ORDERED that if plaintiff files a motion for a writ of execution, she must specify what property is to be seized and provide defendants with notice of the filing.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: March 29, 2021            SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan